1  Russell A. Robinson, 163937
   Law Office of Russell A. Robinson
2  345 Grove Street, 1st Floor
   San Francisco CA 94102
3  TEL:   415.861.4416
   FAX:   415.431.4525
4  rlaw345@gmail.com

5  Counsel for Plaintiff
   **CLINT GERBER**

6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10
   CLINT GERBER,                          ) No.
11                                        )
              Plaintiff,                  ) **COMPLAINT FOR DAMAGES**
12                                        )
   v.                                     ) **[Breach of Contract; Conversion]**
13                                        )
   UCHENNA UKAZIM and SANEL               )
14 LJESNJANIN,                            )
                                          )
15            Defendants.                 )
   _____)
16
                           **PARTIES**
17
       1.    Plaintiff CLINT GERBER is an adult resident of the State of California.
18
       2.    On information and belief, Defendants UCHENNA UKAZIM (also known as
19
   Uchenna M. Ukazim, Uchenna Ndudim Ukazim, Uchenna Vkazimand, and "Steve") and
20
   SANEL LJESNJANIN are residents of the State of Florida and State of New York,
21
   respectively.  Both are adult males.
22
                     **JURISDICTION AND VENUE**
23
       3.    Conduct giving rise to this action took place mostly in the County of Mendocino.
24
   Defendants are, on information and belief, persons who purchased a parcel of real property
25
   located at 7501 Hearst Road, in Willits California. They have availed themselves of the State
26
   of California's jurisdiction and specifically contacted Plaintiff in California to conduct business
27
   and to enter a joint venture in the State of California.  On information and belief, both named
28

1  defendants maintain minimum contacts within this State, and could reasonably expect to be
2  haled into court in California.  They own real property in California.
3      4.       Both Defendants, on information and belief, are residents of other states.
4      5.       The amount (matter) in controversy is approximately $118,367.
5      6.       Thus, this Court has jurisdiction of these defendants under 28 USC §1332.

6  **FACTS**

7      7.       Plaintiff entered a joint venture with Defendants in mid-2017.
8      8.       Under terms of the joint venture agreement, Plaintiff was to procure tools and
9  supplies to improve the Property in Willits.  Nature of the improvements was not to construct or
10 to expand buildings; these improvements mostly involved making the real property suitable to
11 grow crops as well as material needed to clean up a diesel spill on the Property.  All of Plaintiff's
12 claimed damages in this action are for advances made for purchase of tools, equipment, and
13 supplies; none of the amount claimed is for his own labor or work.  When the joint venture
14 needed an attorney who practiced in a specific area of law, Plaintiff located and assisted with
15 securing this attorney for the joint venture (Hans Herb); when that attorney's bill was unpaid by
16 Defendants, Plaintiff offered to pay the bill – but eventually Defendants paid Hans Herb's legal
17 bill.  It was Plaintiff's understanding that Hans Herb represented Plaintiff through his work for
18 the joint venture and in fact Defendants referred to Hans Herb collectively as "our" attorney or
19 counsel, thus further demonstrating a good faith basis for Plaintiff's reasonable belief that he,
20 too, would be paid by Defendants.
21     9.       Throughout all of 2017 and into the early part of 2018, Defendants continued to
22 make demands on Plaintiff and Plaintiff continued to advance money toward these purchases.
23 Defendants reimbursed Plaintiff for many of these advances made by Plaintiff but then stopped.
24     10.      In about March 2018, Defendants agreed to re-start making payments toward
25 reimbursing Plaintiff for these remaining, un-reimbursed advances.  Defendants were to make
26 payments of $10,000 every two weeks until the entire amount owed had been re-paid.
27     11.      Despite repeated demands and agreement to re-pay, as well as production of
28 receipts and canceled checks substantiating advances, Defendants refuse to re-pay Plaintiff.

12. Thus, this action follows.

## FIRST CAUSE OF ACTION

### Breach of Contractual Duty

13. Plaintiff incorporates all previous allegations as though fully set forth below.

14. As shown above, there was an agreement, mostly oral, entered in mid-2017 wherein Plaintiff would advance money and incur expenses for improvement to the Property. Defendants relied on this agreement when they continued to make demands and to authorize Plaintiff's expenditures. The agreement was modified in early March 2018 by which Defendants would begin reimbursing Plaintiff at the rate of $10,000 every two weeks.

15. Defendants breached their duties and the agreements to re-pay certain monies to Plaintiff, in the amounts of $118,367, plus attorneys' fees incurred in negotiating the March 2018 agreement as well as costs and attorneys' fees incurred in this action.

16. Defendants have been notified of their breaches, and have failed to pay under the terms of the two agreements.

17. Gerber did everything required of him under the agreement(s).

18. Thus, Defendants' failures to pay or to provide a reasonable basis for their failure to pay the amounts owed constitute breach of contract.

WHEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION

### Conversion

19. Plaintiff incorporates all previous allegations as though fully set forth below.

20. Plaintiff's ownership or right to possession of the subject personal property exists, as described above.

21. By doing the acts described above, Defendants committed conversion by the continued wrongful act of withholding amounts due to Plaintiff.

22. Defendants' interference with Plaintiff's rights in the personal property are manifest. Defendants exercised actual and substantial dominion or control over Plaintiff's personal property, interfering with Plaintiff's rights in the property.

1  23. Plaintiff has been damaged by Defendants acts', as described herein.

2  WHEREFORE, Plaintiff prays for relief as set forth below.

3  **THIRD CAUSE OF ACTION**

4  **Breach of Fiduciary Duty**

5  24. Plaintiff incorporates all previous allegations as though fully set forth below.

6  25. Defendants were joint venturers with Plaintiff, and held and continue to hold

7  certain funds which belong to Plaintiff

8  26. Defendants acted on Plaintiff's behalf for purposes of holding and distributing the

9  sums described herein, which total in excess of $118,367.

10  27. Defendants failed to act as a reasonably careful fiduciary would have acted

11  under the same or similar circumstances.

12  28. As alleged, Plaintiff was harmed.  Additional harm was caused because

13  Defendants unreasonably delayed paying the funds described herein.

14  29. Conduct by Defendants was a substantial factor in causing Plaintiff's damage

15  and harm.

16  WHEREFORE, Plaintiff prays for relief as set forth below.

17  **FOURTH CAUSE OF ACTION**

18  **Unjust Enrichment**

19  30. Plaintiff incorporates all previous allegations as though fully set forth below.

20  31. Defendants benefitted from the monies spent at their request by Plaintiff.

21  32. Defendants thus benefitted at Plaintiff's expense, in a situation unjust.

22  33. Had Plaintiff known that Defendants would not re-pay him, or would delay and

23  continue to delay these promised re-payments, Plaintiff would not have advanced $118,367.

24  34. Defendants thus received benefits which have not been earned, and ethically

25  should not be kept.

26  35. Plaintiff seeks restitution of the entire amount of money advanced.  Simply

27  relinquishing materials, supplies, tools, and equipment Plaintiff purchased at Defendants'

28  request would be inappropriate as most of the materials and supplies have been exhausted,

1  and tools and equipment have significantly diminished in value through use in the joint venture.

2  WHEREFORE, Plaintiff prays for relief as set forth below.

3  **PRAYER**

4  a.  Contractual damages in the amounts of $118,367;

5  b.  Alternatively to damages, restitution in the amount of $118,367;

6  c.  For attorneys' fees and legal costs incurred in prosecuting this matter;

7  d.  For pre-judgment and post-judgment interest;

8  e.  To deem the mechanic's lien Plaintiff recorded against the real property to

9  secure payment for the tools and equipment less than 90 days ago "perfected"

10  and to permit Plaintiff to foreclose on the subject real property; and,

11  e.  For such other relief as the Court deems just and proper.

12

13  Date:  July 13, 2018        _Russell A. Robinson /s/_
                                Law Office of Russell A. Robinson
14                              By:   Russell A. Robinson
                                Counsel for Plaintiff
15                              **CLINT GERBER**

16

17  **JURY TRIAL DEMANDED**

18  Plaintiff hereby demands trial by Jury, as is his right, under Federal Rules of Civil

19  Procedure, Rule 38, and requests that this matter be designated as a Jury action on the Court's

20  docket pursuant to Federal Rules of Civil Procedure, Rule 39.

21

22  Date:  July 13, 2018        _Russell A. Robinson /s/_
                                Law Office of Russell A. Robinson
23                              By:   Russell A. Robinson
                                Counsel for Plaintiff
24                              **CLINT GERBER**

25

26

27

28